# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LEMARIE CLARK, | Civil Action No. 3:16-84 |
| Petitioner, | Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| JOANNE TORMA, JOHN TUTTLE, and PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | Re: ECF No. 32 |
| Respondents. | |

## ORDER

Michelle LeMarie Clark ("Petitioner") is a state prisoner, proceeding pro se, who was convicted of two counts of Criminal Conspiracy to commit homicide, five counts of Statutory Sexual Assault and five counts of Involuntary Deviate Sexual Intercourse, involving her scheme to manipulate a juvenile boy, age 15, to kill Petitioner's husband. Petitioner was sentenced to 12 to 30 years of incarceration. She has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). By means of the Petition, she seeks to challenge, not her conviction and sentence, but the most recent denial of parole by the Pennsylvania Board of Probation and Parole. Respondents filed an Answer, denying that she was entitled to any relief. ECF No. 17.

Petitioner recently filed what the Clerk's Office described as "Proposed Amended Petition for a Writ of Habeas Corpus." ECF No. 32. We note that in the original Petition, Petitioner solely attacked the denial of parole. In the Proposed Amended Petition, she seeks to attack her conviction also.

Given that Respondents have filed their Answer, Petitioner may not file an Amended Petition without leave of Court. As one Court has cogently explained: "Rule 15(a) of the Federal Rules of Civil Procedure . . . applies to habeas corpus petitions, as well as other pleadings. *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005); *see also In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ('Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.' (citations omitted)). Rule 15(a) provides that after an answer is filed, '[a] party may amend its pleading only with the opposing party's consent or the court's leave....' Fed.R.Civ.P. 15(a)." Miranda v. Horel, 549 F. Supp. 2d 1200, 1201 (C.D. Cal. 2008) (some internal quotations omitted). Accordingly, we will treat the Proposed Amended Petition as a Motion for Leave to File an Amended Petition and, for the following reasons, deny it.

To the extent that Petitioner seeks to attack her conviction, we note that Petitioner's conviction appears to have become final 90 days after February 17, 2004, the date whereon the Pennsylvania Supreme Court denied her Petition for Allowance of Appeal in the course of her direct appeal.[1] Petitioner did not file any PCRA Petition thereafter.[2] Accordingly, any attack

---

[1] The docket of the Pennsylvania Supreme Court in Petitioner's Petition for Allowance of Appeal is available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=408+WAL+2003

(date last visited 5/31/2018).

[2] The docket of Petitioner's Court of Common Pleas proceedings are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-11-CR-0000187-2000

(site last visited 5/31/2018).

2

on her conviction would be clearly time-barred now in light of the AEDPA one-year statute of limitations. Hence, amendment to include an attack on her conviction would be futile. Furthermore, we do not we find any viable excuse to overcome the AEDPA statute of limitations for the filing of her habeas petition to attack her underlying conviction, especially given her plea of nolo contendere to her charges.

Petitioner also attacks the Pennsylvania one-year statute of limitations on the filing of PCRA petitions. ECF No. 32 ¶ 2. However, errors concerning any PCRA statutes or proceedings are simply not cognizable in these Section 2254 proceedings. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation. . . . Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in collateral proceedings ... are not a proper basis for habeas relief from the original conviction.").

To the extent that Petitioner seeks to add any claims against the Board, we find that there is undue delay in bringing such claims, given that she initiated these habeas proceedings in April 2016, and she has offered no justification for such delay and hence, deny leave to amend based thereon. Wadis v. Norristown State Hosp., 617 F. App'x 133, 135 (3d Cir. 2015) ("leave to amend may be denied for 'undue delay, bad faith, prejudice to the opposing party, or futility.'").

For the reasons set forth herein, the Proposed Amended Petition, treated as, a Motion for Leave to File Amended Petition is DENIED.

BY THE COURT:

May 31, 2018

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

MICHELLE LEMARIE CLARK
OF-8300
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403