IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE LEMARIE CLARK, )  Civil Action No. 3:16-84
    Petitioner, ) Chief Magistrate Judge Maureen P. Kelly
)
v. )
)
JOANNE TORMA, JOHN TUTTLE, and )
PENNSYLVANIA BOARD OF )
PROBATION AND PAROLE, )
)
    Respondents.

## OPINION

Michelle LeMarie Clark ("Petitioner") is a state prisoner, proceeding pro se, who was convicted of two counts of Criminal Conspiracy to commit homicide, five counts of Statutory Sexual Assault and five counts of Involuntary Deviate Sexual Intercourse, involving her scheme to manipulate a juvenile boy, age 15, to kill Petitioner's husband. Petitioner was sentenced to 12 to 30 years of incarceration. She has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 4. By means of the Petition, she seeks to challenge, not her conviction and sentence, but the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board").

### I. FACTUAL AND PROCEDURAL HISTORY

On February 20, 2001, Petitioner was sentenced in the Court of Common Pleas of Cambria County to concurrent sentences, totaling 12 to 30 years of incarceration. ECF No. 17 ¶ 1. Petitioner's minimum sentence expired on February 10, 2013. Id. ¶ 2. Her maximum sentence will expire on February 10, 2031. Id. ¶ 3. At the time that the Answer was filed, Petitioner had been denied parole four times: April 1, 2013; January 29, 2014; June 24, 2015;

and March 16, 2016. Id. ¶ 4. It is this last denial of parole that Petitioner challenges in this Petition.

In the Petition, Petitioner claims that the denial of parole was a "[v]iolation of substantive due process as guaranteed by the Fourteenth Amendment and cruel and unusual punishment as precluded by the Eighth Amendment." ECF No. 4 ¶ 12. Petitioner complains that her rights were violated for the following reasons: 1) the reasons given for denial of parole are punitive and redundant; 2) despite having the recommendation of the Department of Corrections, full staff support and low risk score in an RST evaluation, the Board states that she remains a risk to the community; 3) she has taken all of her mandatory programs and she remains misconduct free; 4) the Board overlooks or undervalues all of the accomplishments she has made while incarcerated; 5) the denials of parole are based in general language and not specifically addressed to Petitioner's personal situation. Id. at 6. Petitioner also requests that she receive a fair and impartial hearing before a different hearing examiner. Id.

In the March 16, 2016 decision denying Petitioner parole, the Board provided Petitioner the following reasons for the denial:

> REPORTS, EVALUATIONS ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.
>
> YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSES(S) COMMITTED.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.

ECF No. 17-1 at 18.

Respondents filed an Answer, denying that Petitioner was entitled to any relief. ECF No. 17. The parties have all consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 10, 13.[1]

## II. DISCUSSION

### A. Substantive Due Process Claim

The standard for analyzing a substantive due process claim appears to depend upon whether one is challenging legislative or executive action. See, e.g., Evans v. Secretary, Pa. Dept. of Corrections, 645 F.3d 650, 659 (3d Cir. 2011), *cert. den.* 132 S.Ct. 349 (2011); Wagner ex rel. Wagner-Garay v. Fort Wayne Community Schools, 255 F.Supp.2d 915, 922 (N.D. Ind. 2003) ("However, the appropriate standard for analyzing a substantive due process claim depends on whether 'legislation or a specific act of a governmental officer is at issue.'") (quoting Dunn v. Fairfield Community High School Dist. # 225, 158 F.3d 962, 965 (7th Cir. 1998)). The parole board is an executive branch agency. See Goodman v. McVey, 428 F. App'x 125, 126 (3d Cir. 2011). The standard of review for a substantive due process challenge to executive

---

[1] We also note that Petitioner has filed an interlocutory appeal from a non-final order of this Court that denied Petitioner an evidentiary hearing. ECF Nos. 29, 30. Such an interlocutory appeal from a non-final order does not divest the District Court of jurisdiction to adjudicate the Petition. Paolicelli v. Rozum, CIV.A. 10-1578, 2012 WL 2922754, at *1 (W.D. Pa. July 17, 2012) ("Petitioner filed an interlocutory appeal of the order denying his Motion for Release From Custody. ECF No. 23. Such an interlocutory appeal from a non-final order does not divest this Court of jurisdiction to adjudicate the Petition. *See, e.g., U.S. v. Amarra–Herrarte*, 153 F. App'x 452, 454 (9th Cir. 2005) ('Second, Amarra–Herrarte's interlocutory appeal did not rob the district court of jurisdiction to try the case. His appeal was properly dismissed for lack of jurisdiction because he appealed from a non-final order. An appeal from an unappealable order does not divest a district court of jurisdiction.'); *U.S. v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) ('notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court')."). The interlocutory appeal is no longer pending. ECF No. 39.

branch action requires that the aggrieved person establish that the executive action shocks the court's conscience. See, e.g., id.; Evans, 645 F.3d at 659. See also Benson v. Martin, 8 F. App'x 927, 930 (10th Cir. 2001) (explaining it is a habeas petitioner's burden to establish that the challenged action shocks the conscience). Therefore, the standard of review of the Board's actions in considering the Petition at issue is the "shock the conscience" test.

Admittedly, the "shock the conscience" test is less than precise. However, in giving content to this test, the United States Supreme Court has explained that conduct that is "most likely to rise to the conscience-shocking level is 'conduct intended to injure in some way unjustifiable by any government interest.'" Chavez v. Martinez, 538 U.S. 760, 775 (2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)). Moreover, "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

In the instant case, Petitioner fails to show that the Board's reasons for denying her parole shock the conscience or that such reasons constitute behavior that is intended to injure Petitioner in a way that is unjustifiable by any government interest. The reasons given appear to further a legitimate government interest. See, e.g., Ledwith v. Brooks, No. Civ. A. 06-611, 2007 WL 804189 (W.D. Pa., March 14, 2007). Progress by the parole applicant in the process of rehabilitation is a legitimate consideration for the Board. Hence, the Board's decision based upon its opinion that Petitioner failed to convince the Board[2] that she does not minimize the

---

[2] Scheidemann v. I.N.S., 83 F.3d 1517, 1528 (3d Cir. 1996) (Sarokin, J., concurring) ("Thus, although an inmate may fail in his efforts to persuade a Parole Board to exercise its discretion to

nature and circumstances of her offense, and she does not lack remorse and that she does, in fact, take responsibility for the offenses committed, simply does not shock this Court's conscience.

In this regard we note that Petitioner apparently did submit a letter to the Board on or about September 30, 2015, which was entitled "My Letter of Admittance," ECF No. 1-2. In that Letter of Admittance, Petitioner attempts to explain her previous failures to obtain parole by noting that she was "so ashamed and embarrassed that I wasn't able to verbalize my crime, so I was minimizing, and being vague…. I have come to acceptance of my crime and can now openly talk about it." Id. at 13.

The Board was not required to credit this letter and apparently did not credit the letter in light of the actual reasons that the Board gave for denying Petitioner parole. The Board may well have done so based on other evidence before the Board, such as the parole hearing and perhaps other reports and evaluations. That the Board did not credit Petitioner's letter does not shock the court's conscience. In this regard, we note the Board's apparent discrediting of this letter seemingly is supported by filings that Petitioner made in this case, wherein she again appears to downplay or deny her responsibility for the crimes that she pleaded nolo contendere to. See, e.g., ECF No. 37 (Petitioner's "plea was irrational because it fails to incorporate the fact that her co-defendant perpetrated the murder without her help or conspiracy.… The government

---

grant him parole."); Rogers v. Pennsylvania Board of Probation and Parole, 724 A.2d 319, 321 n.2 (Pa. 1999) ("Appellants do not contend that they are automatically entitled to parole at the expiration of their minimum sentence. Such an argument would, of course, be unavailing. Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled. A prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. A prisoner has only a right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board.").

had no evidence of conspiracy to murder, only that she was a witness…. Her conviction is a miscarriage of justice.").

Accordingly, we find that there is "some basis for the challenged decision" in the record for denying Petitioner parole, namely Petitioner's failure to carry her burden before the Parole Board to persuade them to exercise their discretion to grant her parole because she failed to convince them that she truly accepted responsibility for her criminal actions and that she did not deny or minimize the nature and circumstances of the offenses that she committed.

Accordingly, for the foregoing reasons, Petitioner fails to show any substantive due process violation in the Parole Board's denying her parole.

**B. Eighth Amendment Claim**

Petitioner also contends that the Board's action in denying her parole violated her Eighth Amendment rights against cruel and unusual punishment. We are not persuaded.

As one court has explained:

> The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. However, inmates have no right to be released before the expiration of a valid prison term. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "[T]he mere failure to allow the Petitioner to be released on parole before his maximum sentence expires in 2019 does not state a valid Eighth Amendment claim." *Josey v. Pa. Board of Probation and Parole, et al.*, 2014 WL 310448, *4 (M.D. Pa.) (citing *Sharard v. Berks County*, 2012 WL 6838952, *8 (M.D. Pa. Dec. 6, 2012; *Corliss v. Pa. Bd. of Prob. & Parole*, 2006 WL 2927270, *5 (M.D. Pa. Oct.11, 2006)).

Urruita v. PA Atty. Gen., 4:13-CV-0577, 2014 WL 6982993, at *5 (M.D. Pa. Dec. 9, 2014).

Accord Zehner v. Pennsylvania Bd. of Probation and Parole, CIV.A. 13-225 ERIE, 2014 WL 1235998, at *3 (W.D. Pa. Mar. 25, 2014) ("To the extent that Petitioner argues that the Board's

denial of parole violates the Eighth Amendment, he has no right to be released before the expiration of his valid prison sentence in 2016, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment.)").

Accordingly, we reject as meritless Petitioner's claim that denying her parole violated her rights under the Eighth Amendment.

### C. Certificate of Appealability

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Applying these standards to this case, jurists of reason would not find the conclusions reached herein to be debatable. Accordingly, a certificate of appealability is denied.

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED, a certificate of appealability is DENIED.

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2018

cc: MICHELLE LEMARIE CLARK
OF-8300
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403

All counsel of record via ECF